# Exhibit 1

## NATIONAL REGISTERED AGENTS, INC

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  PATRICIA J. IRVING
SWIFT TRANSPORTATION SERVICES, LLC
2200 S. 75TH AVENUE
PHOENIX, AZ 85043

SOP Transmittal # AZ30023

(888) 617-4545 - Telephone

Entity Served: SWIFT TRANSPORTATION CO. OF ARIZONA, LLC (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate
in the State of ARIZONA on this 14 day of November, 2012. The following is a summary of the document(s) received:

1.  **Title of Action:** DAN COBERLY v. SWIFT ETAL

2.  **Document(s) served:** Summons/Citation/Third Party Summons, Complaint/Petition/Third Party Complaint

3.  **Court of Jurisdiction/** MARICOPA SUPERIOR COURT
    **Case & Docket Number:** CV2012-055294

4.  **Amount Claimed, if any:**

5.  **Method of Service** (select one):
    x Personally served by:  x Process Server        __ Deputy Sheriff        __ U. S Marshall
    __ Delivered Via:        __ Certified Mail        __ Regular Mail          __ Facsimile
                                (Envelope enclosed)       (Envelope enclosed)

    __ Other (Explain):

6.  **Date and Time of Receipt:** 11/14/2012 1:00:00 PM EST (GMT -5)

7.  **Appearance/Answer Date:** 20 Days

8.  **Received From:**          MICHELLE MATHESON           9. **Federal Express Airbill #** 794078576112
    (Name, Address & Telephone Number) MATHESON & MATHESON PLC
                                15300 NORTH 90TH STREET #550    10. **Call Made to:** Not required
                                SCOTTSDALE, AZ 85260
                                480/889-8951

11.  **Special Comments:**
This SOP was digitally scanned and First Serve notification was sent to: PATRICIA J. IRVING.;

**NATIONAL REGISTERED AGENTS, INC**                **Copies To:**

Transmitted by Dan Miles

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc for informational purposes only and should not be considered
a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL



**NATIONAL REGISTERED AGENTS, INC.**

The Right Choice for Registered Agent Services

# Cover Page for AZ30023

This file contains **33** pages of graphic image of Legal Process received in the State of **ARIZONA** on **11/14/2012** for **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**.

The document(s) will be forwarded to the individual designated to receive Service of Process from NRAI. As this document(s) has been separated to enable scanning of the image, the Official Record on file with the Court of Jurisdiction should be relied on as the complete record. NRAI accepts no responsibility or liability for missing or incorrectly collated pages in the reassembly of the served document(s).

1   Michelle R. Matheson (AZ#019568)
    Darrel S. Jackson (AZ#018415)
2   Matthew E. Walls (AZ#026523)
    MATHESON & MATHESON, P.L.C.
3   15300 North 90th Street
    Suite 550
4   Scottsdale, Arizona 85260
    (480) 889-8951
5   mmatheson@mathesonlegal.com
    djackson@mathesonlegal.com
6   mwalls@mathesonlegal.com

7   Attorneys for Plaintiff

8

                SUPERIOR COURT OF ARIZONA

9                    MARICOPA COUNTY

10

11   Dan L. Coberly, a married man,     )   Case No.: CV 2012 - 055294

12          Plaintiff,            )

13   v.                       )  SUMMONS

14   Swift Transportation of Arizona, L.L.C., a  )

15   Delaware limited liability company,    )

16          Defendant.         )

17

18   **THE STATE OF ARIZONA TO THE DEFENDANT:**

19

20               C/O National Registered Agents, LLC
               300 W. Clarendon Ave, #230
                 Phoenix, AZ 85013

21

22        **YOU ARE HEREBY SUMMONED** and required to appear and defend, within

23   the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona – whether by direct service, by registered or certified mail, or by publication – you shall appear and

24   defend within 30 days after the service of the Summons and Complaint upon you is

25   complete, exclusive of the day of service. Where process is served upon the Arizona

                           -1-

Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until the expiration of 40 days after date of such service upon the Director. Served by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4; A.R.S. §§ 20-222, 28-502, 28-503.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. **RCP 10(d); A.R.S. § 12-311; RCP 5.**

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST THREE (3) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING. **Maricopa County Local Rule 2.6, effective October 1, 1994.**

The name and address of Plaintiffs' attorney is:

**Darrel S. Jackson**
**Matheson & Matheson, P.L.C.**
**15300 North 90th Street, Suite 550**
**Scottsdale, Arizona 85260**
**(480) 889-8951**

GIVEN UNDER MY HAND this date: _____

Clerk of the Superior Court

**COPY**

By _____

Deputy Clerk

NOV 1 3 2012

MICHAEL K. JEANES, CLERK
V. VASQUEZ
DEPUTY CLERK

-2-

1  Michelle R. Matheson (019568)
   Darrel S. Jackson (018415)
2  Matthew E. Walls (026523)
   MATHESON & MATHESON, P.L.C.
3  15300 N. 90th Street, #550
   Scottsdale, AZ 85260
4  mmatheson@mathesonlegal.com
   djackson@mathesonlegal.com
5  mwalls@mathesonlegal.com

6  Attorney for Plaintiff

**COPY**

AUG 15 2012

MICHAEL K. JEANES, CLERK
R. BARTLETT
DEPUTY CLERK

7              SUPERIOR COURT OF ARIZONA

8                  MARICOPA COUNTY

9   Dan L. Coberly, a married man,        )   No.:   CV2012-055294
                                          )
10          Plaintiff,                     )
                                          )
11  v.                                     )   **CERTIFICATE REGARDING**
                                          )   **COMPULSORY ARBITRATION**
12  Swift Transportation of Arizona, L.L.C., a )
    Delaware limited liability company,   )
13                                         )
14          Defendant.                     )
                                          )
15  _____      )

16      The undersigned certifies that they know the dollar limits and any other limitations

17  set forth by the local rules of practice for the applicable superior court, and further

18  certifies that this case is not within the jurisdictional limit for compulsory arbitration and

19
    is subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona
20
    Rules of Civil Procedure.
21

22                          Dated this 15th day of August, 2012.
23
                            Matheson & Matheson, PLC
24
                            By: _____
25
                                 Darrel S. Jackson #018415

                              -1-

1

ORIGINAL and COPY of the foregoing
2   hand delivered the same day as the
Complaint and Summons, to:
3

4

By: *Christina Garrett*
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**COPY**



AUG 1 5 2012

MICHAEL K. JEANES, CLERK
R. BARTLETT
DEPUTY CLERK

1　Michelle R. Matheson, 019568
　　Darrel S. Jackson, 018415
2　Matthew E. Walls, 026523
　　MATHESON & MATHESON, P.L.C.
3　15300 N. 90th Street, Suite 550
　　Scottsdale, Arizona 85260
4　(480) 889-8951
　　mmatheson@mathesonlegal.com
5　djackson@mathesonlegal.com
　　mwalls@mathesonlegal.com
6　Attorneys for Plaintiff

7

　　　　　　SUPERIOR COURT OF ARIZONA
8
　　　　　　　　MARICOPA COUNTY
9

10　Dan L. Coberly, a married man,　　　　）　No.: CV2012-055294
　　　　　　　　　　　　　　　　　　　）
11　　　　　　Plaintiff,　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）
12　v.　　　　　　　　　　　　　　　　）　**COMPLAINT**
　　　　　　　　　　　　　　　　　　　）
13　Swift Transportation of Arizona, L.L.C., a ）　**(JURY TRIAL REQUESTED)**
　　Delaware limited liability company,　　　）
14　　　　　　　　　　　　　　　　　　）
　　　　　　Defendant.　　　　　　　　　）
15　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿）

16　　　　　Plaintiff Dan Coberly alleges:

17　　　　　1.　　This case arises out of Defendant's unlawful employment practices.

18　Specifically, Defendant Swift Transportation or Arizona, LLC ("**Swift**")

19
　　unlawfully failed and refused to pay Mr. Coberly overtime as required by the Fair
20
　　Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 *et seq.*  Swift also failed and
21

22　refused to pay Mr. Coberly for time that he was required to work "off-the-clock,"

23　in violation of Arizona's wage statute, A.R.S. § 23-352.

24

25

　　　　　　　　　　　　　　　　　-1-

2.    This Court has jurisdiction over this matter pursuant to Ariz. Const. Art. 6, § 14.

3.    This Court is the appropriate venue, pursuant to A.R.S. § 12-401, because Swift's corporate headquarters is located in Maricopa County, Arizona (at 2200 S. 75th Avenue, Phoenix, Arizona, 85043) and because the acts alleged herein occurred in Maricopa County.

4.    Swift is a trucking company, providing transportation and logistics services to customers throughout North America.

5.    Mr. Coberly has worked for Swift for approximately 17 years, and he continues to work for Swift.  Mr. Coberly was a commercial driver for Swift for nine years.  For that last eight years, he has performed a variety of job duties for Swift at its corporate headquarters.

6.    For the time period relevant to this lawsuit, Mr. Coberly regularly coordinated Swift's efforts to respond to incidents that involve the release of any hazardous materials into the environment ("**Haz-Mat Incidents**").

7.    Mr. Coberly regularly worked a 40-hour work week at Swift's corporate headquarters.

8.    In addition to his regular work week, Swift required Mr. Coberly to be on-call to coordinate Swift's immediate response to any Haz-Mat Incidents.

9.     Swift required Mr. Coberly to be on-call to respond to any Haz-Mat Incidents 24 hours per day and every day of the year.

10.     Swift required Mr. Coberly to respond to each Haz-Mat Incident within 15 minutes of receiving notice.

11.     Mr. Coberly was required to make contemporaneous notes into a computerized system as he responded to Haz-Mat Incidents.  For example, he was required to contemporaneously document response times and field reports into three separate computer systems.  Consequently, he was required to have access to a computer and internet connectivity at all times.

12.     Mr. Coberly was regularly required to respond to Haz-Mat Incidents during his normal sleeping hours.

13.     Mr. Coberly was regularly required to respond to Haz-Mat Incidents on weekends and holidays, and during vacations and sick time.

14.     Swift has not paid Mr. Coberly for any work performed outside of his normal work hours at corporate headquarters.

15.     Beginning on or about July 18, 2010, Swift began paying Mr. Coberly on an hourly basis.  His initial hourly wage rate was $18.91.  On or about May 8, 2011, his hourly wage rate increased to $19.48.  On or about April 8, 2012, his hourly wage rate increased to $20.06.

16.     Mr. Coberly periodically received a bonus when Swift met certain earnings goals.  For example, in February 2012, Mr. Coberly received a bonus of $405.00.

17.     Mr. Coberly does not receive a salary, commissions, or any other form of compensation in addition to his hourly wage and periodic bonuses.

18.     Mr. Coberly did not supervise other employees.  For example, he made no decisions or recommendations regarding disciplining other employees.

19.     Mr. Coberly did not hire or fire other employees, and made no recommendations regarding hiring or firing other employees.

20.     Mr. Coberly made no decisions regarding work schedules for other employees.

## COUNT ONE

### (Fair Labor Standards Act Overtime Claim)

21.     Mr. Coberly incorporates by reference the allegations above.

22.     Mr. Coberly was a covered "employee" and Swift was Mr. Coberly's "employer" as those terms are defined by the FLSA.

23.     Swift is a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA, 29 U.S.C. §§ 201-219.

24.     Swift's annual gross volume of sales or business done was not less than $500,000.00 in the four calendar quarters preceding the filing of this complaint.

25.     Mr. Coberly is a covered individual "engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

26.     Mr. Coberly is a nonexempt employee under the FLSA.

27.     Swift is aware or should have been aware that federal law required it to pay overtime to Mr. Coberly for all time worked in excess of 40 hours per week.

28.     Swift did not make a good-faith effort to ascertain and comply with its obligations under the FLSA.

29.     Swift's violation of the FLSA was willful.

30.     Mr. Coberly has suffered economic damages as a result of Swift's unlawful compensation practice and is entitled to statutory remedies provided pursuant to the FLSA, including unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

### COUNT TWO

**(Arizona Wage Claim)**

31.     Mr. Coberly incorporates by reference the allegations above.

-5-

32.     Swifts failure to pay Mr. Coberly for all regular and overtime wages earned constitutes a violation of A.R.S. § 23-352, entitling him to an award of treble damages pursuant to A.R.S. § 23-355.

33.     Swift was not legally entitled to withhold any wages that Mr. Coberly earned for the actual hours he worked.

34.     Swift was never legally entitled to any exemption to the obligation to timely pay Mr. Coberly all wages owed.

## REQUESTED RELIEF

## COUNT ONE

A.     For the Court to find that the Swift willfully violated the overtime provisions of the FLSA;

B.     For the Court to find that a three-year limitations period is appropriate because Swift willfully violated the FLSA;

B.     For an award of damages of unpaid overtime, plus an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

C.     For an award of Mr. Coberly's reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

D.     For an award of pre and post judgment interest on all compensation due.

-6-

## COUNT TWO

A.    For the Court to find that Swift violated Arizona law by failing to pay all regular and overtime wages owed to Mr. Coberly;

B.    For an award of damages including the wages owed, interest thereon, and an additional amount equal to twice the unpaid wages, pursuant to A.R.S. § 23-355;

C.    For an award of attorneys' fees and costs; and

D.    For an award of pre and post judgment interest.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial to the extent authorized by law.

Dated this 15th day of August, 2012

Matheson & Matheson, PLC

By: _____
Darrel S. Jackson #018415

-7-

1   Michelle R. Matheson (019568)
    Darrel S. Jackson (018415)
    Matthew E. Walls (026523)
2   MATHESON & MATHESON, P.L.C.
    15300 North 90th Street
3   Suite 550
    Scottsdale, Arizona 85260
4   (480) 889-8951
    mmatheson@mathesonlegal.com
5   djackson@mathesonlegal.com
    mwalls@mathesonlegal.com
6
    Attorneys for Plaintiff
7
8                   SUPERIOR COURT OF ARIZONA

9                        MARICOPA COUNTY

10
    Dan L. Coberly, a married man,          )   No.: CV 2012-055294
11                                          )
              Plaintiff,                    )
12                                          )
    v.                                      )   **PLAINTIFFS' FIRST REQUEST**
13                                          )   **FOR PRODUCTION**
    Swift Transportation of Arizona, L.L.C., a )
14  Delaware limited liability company,      )
                                            )
15            Defendant.                     )
                                            )
16  _____)

17  **TO:   DEFENDANT**

18        Pursuant to Rules 26(a) and 34, Arizona Rules of Civil Procedure, you are

19  requested and required to produce and permit the Plaintiffs to inspect and copy each of the

20  documents described below.

21
22                              **INSTRUCTIONS**

23        A.    REQUEST FOR PRODUCTION:  Production of documents and things is

24  requested pursuant to Rule 34 of the Arizona Rules of Civil Procedure.  The time and place

25  at which production shall be made is:

                                   -1-

PLACE:   **Matheson & Matheson, P.L.C.**
         **15300 North 90th Street**
         **Suite 550**
         **Scottsdale, Arizona 85260**

DATE:    **Sixty (60) days from the date of service of this**
         **Request.**

TIME:    **Before 5:00 p.m.**

B.     The requests for discovery are intended as continuing requests and you must reasonably supplement your responses hereafter as contemplated by the Arizona Rules of Civil Procedure, Rule 26(e)(3).

C.     This request for discovery is directed to each Defendant, and each is requested to produce all documents and things that are in their individual possession (whether they be individuals or corporate entities), or in the possession of their attorneys, investigators, agents, employees, or other representatives, or which are reasonably obtainable by any of the above.

## **DEFINITIONS**

The following terms shall have the following meanings:

A.     "Document" or "documents":   These terms shall be interpreted in their broadest sense. They include but are not limited to, every writing of every type and description, and every other instrument or device by which, through which, or on which information has been recorded and/or preserved. Documents include but are not limited to, memoranda, notes, letters, drawings, canceled checks, receipts, graphs, charts, maps, photographs, contracts, hand-written notes, logs, calendars, diaries, financial reports and records,  appointment books, minutes of meetings, photographic, video or audiotape

-2-

recordings, computer cards, tapes and printouts, or other data compilations, and every other device or medium on which or through which information of any type is transmitted, recorded or preserved.   Where production of documents is requested, a copy may be produced in lieu of an original, but in such a case, the response to the relevant request for production shall state that a copy is being produced.  Also, if a copy is produced, Plaintiffs reserves the right to inspect and copy the original upon reasonable notice.

B.    "Person" or "persons":  Every individual, firm, corporation, association, organization, or other entity, including agents and employees.

### REQUESTS

Please provide the following:

1.    Any employee handbook, ethics policy or other policy in place at Defendant's corporate headquarters from July 2009 to present, that addresses the issues of overtime compensation or Defendant's obligations under the Fair Labor Standards Act (FLSA).

2.    A complete copy of Plaintiff's personnel file (including any supervisor's file) maintained during his employment with Defendant, including but not limited to, all time and attendance records, time cards, work schedules, timesheets, payroll records and/or any other documents reflecting time worked during Plaintiff's employment with Defendant for the period of July 2009 through the end of their employment.

-3-

3.      Any and all job descriptions or similar documents setting forth the job duties and/or job responsibilities, job postings, notice of job postings or advertisements for each of Plaintiff's job positions.

4.      All training materials utilized by Defendant to train Plaintiff.

5.      Any document retention policy or procedure in effect for Defendant from July 2009 to the present.

6.      Any documents that support Defendant's contention that Plaintiff meets one or more of the FLSA's overtime exemptions, assuming that Defendant so contends.

7.      All documents relied upon by Defendant in responding to Plaintiff's First Set of Non-Uniform Interrogatories.

8.      All written communications (including text messages and electronic mail) between Defendant and Plaintiff regarding compensation, work hours, or job duties.

9.      For the period of time beginning three years before the filing of this lawsuit, all documents that describe or reflect outgoing and/or incoming calls on the mobile telephone that Defendant issued to Plaintiff for work.

10.     For the period of time beginning three years before the filing of this lawsuit, all documents that describe or reflect Plaintiff's access to Defendant's AS-400 computer system.

11.     For the period of time beginning three years before the filing of this lawsuit, all electronic messages sent from, and received at, the electronic mail address that Defendant provided to Plaintiff for work.

-4-

November 13, 2012

Matheson & Matheson, PLC

By:    Darrel S. Jackson #018415

ORIGINAL and COPY of the foregoing
hand delivered on the same day as the
Complaint and Summons to:

Swift Transportation of Arizona, L.L.C.
c/o National Registered Agents, L.L.C.
300 W. Clarendon Ave., #230
Phoenix, AZ  85013

-5-

1  Michelle R. Matheson (019568)
   Darrel S. Jackson (018415)
   Matthew E. Walls (026523)
2  MATHESON & MATHESON, P.L.C.
   15300 North 90th Street
3  Suite 550
   Scottsdale, Arizona 85260
4  (480) 889-8951
   mmatheson@mathesonlegal.com
5  djackson@mathesonlegal.com
   mwalls@mathesonlegal.com
6
   Attorneys for Plaintiff
7

8                SUPERIOR COURT OF ARIZONA

9                    MARICOPA COUNTY

10

   Dan L. Coberly, a married man,        )   No.: CV 2012-055294
11                                        )
              Plaintiff,                  )
12                                        )
   v.                                     )   **PLAINTIFFS' FIRST REQUEST**
13                                        )   **FOR PRODUCTION**
   Swift Transportation of Arizona, L.L.C., a )
14  Delaware limited liability company,  )
                                          )
15            Defendant.                  )
                                          )
16  _____  )

17  **TO:   DEFENDANT**

18         Pursuant to Rules 26(a) and 34, Arizona Rules of Civil Procedure, you are

19  requested and required to produce and permit the Plaintiffs to inspect and copy each of the

20  documents described below.

21

22                        **INSTRUCTIONS**

23         A.    REQUEST FOR PRODUCTION:  Production of documents and things is

24  requested pursuant to Rule 34 of the Arizona Rules of Civil Procedure.  The time and place

25  at which production shall be made is:

                              -1-

PLACE:    **Matheson & Matheson, P.L.C.**
**15300 North 90th Street**
**Suite 550**
**Scottsdale, Arizona 85260**

DATE:    **Sixty (60) days from the date of service of this**
**Request.**

TIME:    **Before 5:00 p.m.**

B.    The requests for discovery are intended as continuing requests and you must reasonably supplement your responses hereafter as contemplated by the Arizona Rules of Civil Procedure, Rule 26(e)(3).

C.    This request for discovery is directed to each Defendant, and each is requested to produce all documents and things that are in their individual possession (whether they be individuals or corporate entities), or in the possession of their attorneys, investigators, agents, employees, or other representatives, or which are reasonably obtainable by any of the above.

## DEFINITIONS

The following terms shall have the following meanings:

A.    "Document" or "documents":  These terms shall be interpreted in their broadest sense. They include but are not limited to, every writing of every type and description, and every other instrument or device by which, through which, or on which information has been recorded and/or preserved. Documents include but are not limited to, memoranda, notes, letters, drawings, canceled checks, receipts, graphs, charts, maps, photographs, contracts, hand-written notes, logs, calendars, diaries, financial reports and records,   appointment books, minutes of meetings, photographic, video or audiotape

-2-

recordings, computer cards, tapes and printouts, or other data compilations, and every other device or medium on which or through which information of any type is transmitted, recorded or preserved.   Where production of documents is requested, a copy may be produced in lieu of an original, but in such a case, the response to the relevant request for production shall state that a copy is being produced.  Also, if a copy is produced, Plaintiffs reserves the right to inspect and copy the original upon reasonable notice.

      B.    "Person" or "persons":  Every individual, firm, corporation, association, organization, or other entity, including agents and employees.

## REQUESTS

Please provide the following:

      1.    Any employee handbook, ethics policy or other policy in place at Defendant's corporate headquarters from July 2009 to present, that addresses the issues of overtime compensation or Defendant's obligations under the Fair Labor Standards Act (FLSA).

      2.    A complete copy of Plaintiff's personnel file (including any supervisor's file) maintained during his employment with Defendant, including but not limited to, all time and attendance records, time cards, work schedules, timesheets, payroll records and/or any other documents reflecting time worked during Plaintiff's employment with Defendant for the period of July 2009 through the end of their employment.

3.    Any and all job descriptions or similar documents setting forth the job duties and/or job responsibilities, job postings, notice of job postings or advertisements for each of Plaintiff's job positions.

4.    All training materials utilized by Defendant to train Plaintiff.

5.    Any document retention policy or procedure in effect for Defendant from July 2009 to the present.

6.    Any documents that support Defendant's contention that Plaintiff meets one or more of the FLSA's overtime exemptions, assuming that Defendant so contends.

7.    All documents relied upon by Defendant in responding to Plaintiff's First Set of Non-Uniform Interrogatories.

8.    All written communications (including text messages and electronic mail) between Defendant and Plaintiff regarding compensation, work hours, or job duties.

9.    For the period of time beginning three years before the filing of this lawsuit, all documents that describe or reflect outgoing and/or incoming calls on the mobile telephone that Defendant issued to Plaintiff for work.

10.    For the period of time beginning three years before the filing of this lawsuit, all documents that describe or reflect Plaintiff's access to Defendant's AS-400 computer system.

11.    For the period of time beginning three years before the filing of this lawsuit, all electronic messages sent from, and received at, the electronic mail address that Defendant provided to Plaintiff for work.

1

2

3

4

5

November 13, 2012

Matheson & Matheson, PLC

By:    Darrel S. Jackson #018415

6   ORIGINAL and COPY of the foregoing
    hand delivered on the same day as the
7   Complaint and Summons to:

8   Swift Transportation of Arizona, L.L.C.
    c/o National Registered Agents, L.L.C.
9   300 W. Clarendon Ave., #230
    Phoenix, AZ  85013

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Michelle R. Matheson (019568)
Darrel S. Jackson (018415)
Matthew E. Walls (026523)
MATHESON & MATHESON, P.L.C.
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
djackson@mathesonlegal.com
mwalls@mathesonlegal.com

Attorneys for Plaintiffs

SUPERIOR COURT OF ARIZONA

MARICOPA COUNTY

|  |  |  |
|---|---|---|
| Dan L. Coberly, a married man, | ) | No.: |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **PLAINTIFF'S FIRST SET OF NON-UNIFORM INTERROGATORIES** |
| v. | ) | |
| | ) | |
| Swift Transportation of Arizona, L.L.C., a Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Under the authority of Rule 33, Arizona Rules of Civil Procedure, Plaintiff hereby demands that the Defendant named herein answer in writing, under oath and within sixty (60) days from the receipt hereof, the following interrogatories.

## GENERAL INSTRUCTIONS AND DEFINITIONS

**A.**    All information is to be divulged that is in the possession of the individual or corporation party, attorneys, investigators, agents, employees, or other representatives of the named party and his attorney.  In preparing your

answers, a diligent search of your records and of papers and materials in your possession or available to you should be made.

**B.**   Where an individual interrogatory calls for an answer that involves more than one part, each part of the answer should be clearly set out so that it is understandable.

**C.**   These interrogatories are intended as continuing interrogatories, requiring you to supplement your answers to set forth any information within the scope of the interrogatories as may be acquired by you, your agents, attorneys, or representatives following your initial answers.

**D.**   With respect to a person, the term "identify" means to state the name, last known address, job, telephone number and email address.

**E.**   With respect to a document, the term "identify" means to state the title of the document (if any), its general subject matter, the date the document was issued or which appears on the document as its date of issuance, the person from whom the document was issued, including all copies of the document, all custodians of the original or any copies of the document and the address and title of each such custodian.

## NON-UNIFORM INTERROGATORIES

1.   Identify the individuals and entities answering these interrogatories and the documents consulted in answering the interrogatories.  If any of those

-2-

1  documents have not been provided to Plaintiff in response to Plaintiff's Request

2  for Production of Documents, provide a copy of those documents along with the

3  answer to this interrogatory.

4

5

6      2.      Identify Plaintiff's "workweek" as defined by 29 CFR 778.105.

7

8

9

10     3.      For the period beginning three years before the filing of this lawsuit,

11 describe any time and attendance methods utilized by Defendant to track hours

12 worked by its employees from July 2009 through the present.

13

14

15

16     4.      For the period beginning three years before the filing of this lawsuit,

17 describe each occasion on which Plaintiff worked more than 40 hours in any one

18 workweek, specifying as to date, duration, purpose, and any compensation paid for

19 the hours worked over 40 hours.  For purposes of this interrogatory, the term

20 "workweek" is the 168 hour period identified in Defendant's response to

21 interrogatory No. 2.

22

23

24

25

5.     For the period of time beginning three years before the filing of this lawsuit, if Defendant contends that Plaintiff was an exempt employee under the Fair Labor Standards Act, identify the applicable exemption claimed and describe all material facts supporting such contention.

6.     Describe in detail each complaint from August 2008 to present (whether formal or informal, written or oral) made to Defendant about unpaid overtime wages or any other grievance alleging unpaid employee compensation made by any present or former employee, including the nature and date of the complaint, the identity of the complainant, the identity of the persons who received or were consulted in connection with each complaint, and any actions taken to rectify the situation.   For purposes of this interrogatory, "complaint" includes administrative filings with the U.S. Department of Labor or similar state Department of Labor as well as a lawsuit filed in any state or federal court.

7.     For the period beginning three years before the filing of this lawsuit, identify any individual who served as a supervisor to Plaintiff, the time period that individual(s) supervised Plaintiff, and provide a job description for each such supervisor.

-4-

8.      Provide the full name, current (or last known) address and date of hire for any individual who performed the same duties as Plaintiff from August 2008 to present.

9.      Describe any meeting at which Plaintiff's employment status, compensation, or performance was discussed, specifying as to date(s), person(s) present, and the content of any statements made by each person present and any record made.

November 13, 2012

Matheson & Matheson, PLC

By:_____
        Darrel S. Jackson #018415

-5-

1

ORIGINAL and COPY of the foregoing
hand delivered on the same day as the
Complaint and Summons to:

2

Swift Transportation of Arizona, L.L.C.
3   c/o National Registered Agents, L.L.C.
300 W. Clarendon Ave., #230
4   Phoenix, AZ  85013

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Michelle R. Matheson (019568)
Darrel S. Jackson (018415)
Matthew E. Walls (026523)
MATHESON & MATHESON, P.L.C.
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
djackson@mathesonlegal.com
mwalls@mathesonlegal.com

Attorneys for Plaintiffs

## SUPERIOR COURT OF ARIZONA

## MARICOPA COUNTY

Dan L. Coberly, a married man,

        Plaintiffs,

v.

Swift Transportation of Arizona, L.L.C., a Delaware limited liability company,

        Defendant.

No.:

**PLAINTIFF'S FIRST SET OF NON-UNIFORM INTERROGATORIES**

Under the authority of Rule 33, Arizona Rules of Civil Procedure, Plaintiff hereby demands that the Defendant named herein answer in writing, under oath and within sixty (60) days from the receipt hereof, the following interrogatories.

## GENERAL INSTRUCTIONS AND DEFINITIONS

**A.**    All information is to be divulged that is in the possession of the individual or corporation party, attorneys, investigators, agents, employees, or other representatives of the named party and his attorney. In preparing your

answers, a diligent search of your records and of papers and materials in your possession or available to you should be made.

**B.**     Where an individual interrogatory calls for an answer that involves more than one part, each part of the answer should be clearly set out so that it is understandable.

**C.**     These interrogatories are intended as continuing interrogatories, requiring you to supplement your answers to set forth any information within the scope of the interrogatories as may be acquired by you, your agents, attorneys, or representatives following your initial answers.

**D.**     With respect to a person, the term "identify" means to state the name, last known address, job, telephone number and email address.

**E.**     With respect to a document, the term "identify" means to state the title of the document (if any), its general subject matter, the date the document was issued or which appears on the document as its date of issuance, the person from whom the document was issued, including all copies of the document, all custodians of the original or any copies of the document and the address and title of each such custodian.

## NON-UNIFORM INTERROGATORIES

1.     Identify the individuals and entities answering these interrogatories and the documents consulted in answering the interrogatories.  If any of those

-2-

1   documents have not been provided to Plaintiff in response to Plaintiff's Request

2   for Production of Documents, provide a copy of those documents along with the

3   answer to this interrogatory.

4

5

6        2.      Identify Plaintiff's "workweek" as defined by 29 CFR 778.105.

7

8

9

10       3.      For the period beginning three years before the filing of this lawsuit,

11   describe any time and attendance methods utilized by Defendant to track hours

12   worked by its employees from July 2009 through the present.

13

14

15

16       4.      For the period beginning three years before the filing of this lawsuit,

17   describe each occasion on which Plaintiff worked more than 40 hours in any one

18   workweek, specifying as to date, duration, purpose, and any compensation paid for

19   the hours worked over 40 hours.   For purposes of this interrogatory, the term

20   "workweek" is the 168 hour period identified in Defendant's response to

21   interrogatory No. 2.

22

23

24

25

5.      For the period of time beginning three years before the filing of this lawsuit, if Defendant contends that Plaintiff was an exempt employee under the Fair Labor Standards Act, identify the applicable exemption claimed and describe all material facts supporting such contention.

6.      Describe in detail each complaint from August 2008 to present (whether formal or informal, written or oral) made to Defendant about unpaid overtime wages or any other grievance alleging unpaid employee compensation made by any present or former employee, including the nature and date of the complaint, the identity of the complainant, the identity of the persons who received or were consulted in connection with each complaint, and any actions taken to rectify the situation.  For purposes of this interrogatory, "complaint" includes administrative filings with the U.S. Department of Labor or similar state Department of Labor as well as a lawsuit filed in any state or federal court.

7.      For the period beginning three years before the filing of this lawsuit, identify any individual who served as a supervisor to Plaintiff, the time period that individual(s) supervised Plaintiff, and provide a job description for each such supervisor.

-4-

8.     Provide the full name, current (or last known) address and date of hire for any individual who performed the same duties as Plaintiff from August 2008 to present.

9.     Describe any meeting at which Plaintiff's employment status, compensation, or performance was discussed, specifying as to date(s), person(s) present, and the content of any statements made by each person present and any record made.

November 13, 2012

Matheson & Matheson, PLC

By: _____
     Darrel S. Jackson #018415

-5-

1    ORIGINAL and COPY of the foregoing
     hand delivered on the same day as the
     Complaint and Summons to:

2

3    Swift Transportation of Arizona, L.L.C.
     c/o National Registered Agents, L.L.C.
     300 W. Clarendon Ave., #230

4    Phoenix, AZ  85013

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit 2

| Office Distribution |
|---|

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
11/21/2012
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

11/17/2012

COURT ADMINISTRATION

**Case Number:** CV2012-055294

**Dan L Coberly**

**V.**

**Swift Transportation Of Arizona L L C**

The Judge assigned to this action is the Honorable Michael D Gordon

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 08/15/2012 is subject to dismissal pursuant to Rule 4 (i), Arizona Rules of Civil Procedure. The deadline for completing service is 12/13/2012. If no judge has extended time for completing service and no defendants have been served by this date, this case will be dismissed.

Superior Court of Maricopa County - integrated Court Information System
**Endorsee Party Listing**
Case Number: CV2012-055294

| Party Name | Attorney Name | |
| --- | --- | --- |
| Dan L Coberly | Darrel S Jackson | Bar ID: 018415 |

MICHAEL K. JEANES, CLERK
RECEIVED CCC #8
DOCUMENT DEPOSITORY

12 NOV 16  PM 4: 25

**FILED**
BY M. MEJIA, DEP.

1  Michelle R. Matheson (AZ#019568)
   Darrel S. Jackson (AZ#018415)
2  Matthew E. Walls (AZ#026523)
   MATHESON & MATHESON, P.L.C.
3  15300 North 90th Street
   Suite 550
4  Scottsdale, Arizona 85260
   (480) 889-8951
5  mmatheson@mathesonlegal.com
   djackson@mathesonlegal.com
6  mwalls@mathesonlegal.com

7  Attorneys for Plaintiff

> **ORIGINAL**

8                    SUPERIOR COURT OF ARIZONA

9                          MARICOPA COUNTY

10

11  Dan L. Coberly, a married man,          )   Case No.: CV2012-055294
                                            )
12           Plaintiff,                      )
                                            )
13  v.                                      )   **SUMMONS**
                                            )   If you would like legal advice from a lawyer,
14  Swift Transportation of Arizona, L.L.C., a )   contact the Lawyer Referral Service at
    Delaware limited liability company,      )
15                                           )   602-257-4434
                                            )   or
16           Defendant.                       )   www.lawyerfinders.org.
                                            )   Sponsored by the
17                                              Maricopa County Bar Association

18  **THE STATE OF ARIZONA TO THE DEFENDANT:**

19           Swift Transportation of Arizona, L.L.C.
             C/O National Registered Agents, LLC
20           300 W. Clarendon Ave, #230
             Phoenix, AZ 85013

21           **YOU ARE HEREBY SUMMONED** and required to appear and defend, within

22  the time applicable, in this action in this Court.  If served within Arizona, you shall

    appear and defend within 20 days after the service of the Summons and Complaint upon

23  you, exclusive of the day of service.  If served out of the State of Arizona – whether by

24  direct service, by registered or certified mail, or by publication – you shall appear and

    defend within 30 days after the service of the Summons and Complaint upon you is

25  complete, exclusive of the day of service.  Where process is served upon the Arizona

                                    -1-

Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until the expiration of 40 days after date of such service upon the Director.  Served by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court.  Service by publication is complete 30 days after the date of first publication.  Direct service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.  RCP 4; A.R.S. §§ 20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney.  RCP 10(d); A.R.S. § 12-311; RCP 5.

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST THREE (3) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.  **Maricopa County Local Rule 2.6, effective October 1, 1994.**

The name and address of Plaintiffs' attorney is:

**Darrel S. Jackson**
**Matheson & Matheson, P.L.C.**
**15300 North 90th Street, Suite 550**
**Scottsdale, Arizona 85260**
**(480) 889-8951**

GIVEN UNDER MY HAND this date:_____ NOV 1 3 2012

Clerk of the Superior Court

Deputy Clerk

MICHAEL K. JEANES, CLERK

-2-

MICHAEL K. JEANES, CLERK
RECEIVED CCC #8
DOCUMENT DEPOSITORY

12 NOV 16  PM 4: 26

E-Z MESSENGER
2502 N. Black Canyon Hwy.
Phoenix, AZ 85009-1818
(602) 258-8081  FAX: (602) 258-8864

CLIENT FILE NO.
COBERLY / SWIFT

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF MARICOPA

FILED
BY M. MEJIA, DEP.

DAN L. COBERLY, A MARRIED MAN                    CASE NO. CV2012-055294
                          VS
SWIFT TRANSPORTATION OF ARIZONA, L.L.C.

STATE OF ARIZONA              )                    AFFIDAVIT OF SERVICE
MARICOPA COUNTY               )
THE AFFIANT, being sworn, states: That I am a private process server registered in
MARICOPA COUNTY and an Officer of the Court.  On 11/14/12 I received the SUMMONS;
CERTIFICATE REGARDING COMPULSORY ARBITRATION; COMPLAINT (JURY TRIAL REQUESTED); (2)
OFFER OF JUDGMENT; ORIGINAL/COPY PLAINTIFFS' FIRST REQUEST FOR PRODUCTION;
ORIGINAL/COPY PLAINTIFF'S FIRST SET OF NON-UNIFORM INTERROGATORIES

from MATHESON & MATHESON, P.L.C. and by DARREL S. JACKSON in each instance I
personally served a copy of each document listed above upon:
SWIFT TRANSPORTATION OF ARIZONA, L.L.C., A DELEWARE LIMITED LIABILITY COMPANY, BY
SERVICE UPON ITS STATUTORY AGENT, NATIONAL REGISTERED AGENTS, LLC on 11/14/12 at
12:59 pm at 300 W. CLARENDON AVE. #230 PHOENIX, AZ 85013 MARICOPA COUNTY in the
manner shown below:

by leaving true copy(ies) of the above documents with DAN MILES, CUSTOMER SERVICE
REPRESENTATIVE, STATED AUTHORIZED TO ACCEPT.

Description: CAU, Male, Approx. 49 yrs. of age, 5' 9" tall, Weighing 170lbs., BROWN
Eyes, BROWN Hair,

ERNAD CAJIC, ACPS                                  Affiant
Sworn to before me the  Nov 15, 2012

Lola J. Ferguson                                   Notary

My Commission expires:  03/03/2014

| | | |
|---|---|---|
| SERVICE OF PROCESS $ | 16.00 |
| MILES        5      $ | 16.00 |
| SERVICE CHARGE      $ | 8.00 |
| AFFIDAVIT PREP/NOTARY $ | 10.00 |
| TOTAL $ | 50.00 |

2265189 15866 15
ORIGINAL

AX022265189

OFFICIAL SEAL
LOLA J. FERGUSON
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Exp. Mar. 3, 2014

MICHAEL K. JEANES
Clerk of the Superior Court
By Ruth Bartlett, Deputy
Date 08/15/2012 Time 15:45:06
Description                    Amount
———— CASE# CV2012-055294 ————
CIVIL NEW COMPLAINT            301.00

TOTAL AMOUNT                   301.00
            Receipt# 22389301

Michelle R. Matheson, 019568
Darrel S. Jackson, 018415
Matthew E. Walls, 026523
MATHESON & MATHESON, P.L.C.
15300 N. 90th Street, Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
djackson@mathesonlegal.com
mwalls@mathesonlegal.com

Attorneys for Plaintiff

SUPERIOR COURT OF ARIZONA

MARICOPA COUNTY

Dan L. Coberly, a married man,

       Plaintiff,

v.

Swift Transportation of Arizona, L.L.C., a
Delaware limited liability company,

       Defendant.

No.: CV2012-055294

**COMPLAINT**

**(JURY TRIAL REQUESTED)**

Plaintiff Dan Coberly alleges:

1.    This case arises out of Defendant's unlawful employment practices. Specifically, Defendant Swift Transportation or Arizona, LLC ("**Swift**") unlawfully failed and refused to pay Mr. Coberly overtime as required by the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 *et seq.* Swift also failed and refused to pay Mr. Coberly for time that he was required to work "off-the-clock," in violation of Arizona's wage statute, A.R.S. § 23-352.

-1-

2.      This Court has jurisdiction over this matter pursuant to Ariz. Const. Art. 6, § 14.

3.      This Court is the appropriate venue, pursuant to A.R.S. § 12-401, because Swift's corporate headquarters is located in Maricopa County, Arizona (at 2200 S. 75th Avenue, Phoenix, Arizona, 85043) and because the acts alleged herein occurred in Maricopa County.

4.      Swift is a trucking company, providing transportation and logistics services to customers throughout North America.

5.      Mr. Coberly has worked for Swift for approximately 17 years, and he continues to work for Swift.  Mr. Coberly was a commercial driver for Swift for nine years.  For that last eight years, he has performed a variety of job duties for Swift at its corporate headquarters.

6.      For the time period relevant to this lawsuit, Mr. Coberly regularly coordinated Swift's efforts to respond to incidents that involve the release of any hazardous materials into the environment ("**Haz-Mat Incidents**").

7.      Mr. Coberly regularly worked a 40-hour work week at Swift's corporate headquarters.

8.      In addition to his regular work week, Swift required Mr. Coberly to be on-call to coordinate Swift's immediate response to any Haz-Mat Incidents.

9.     Swift required Mr. Coberly to be on-call to respond to any Haz-Mat Incidents 24 hours per day and every day of the year.

10.     Swift required Mr. Coberly to respond to each Haz-Mat Incident within 15 minutes of receiving notice.

11.     Mr. Coberly was required to make contemporaneous notes into a computerized system as he responded to Haz-Mat Incidents. For example, he was required to contemporaneously document response times and field reports into three separate computer systems. Consequently, he was required to have access to a computer and internet connectivity at all times.

12.     Mr. Coberly was regularly required to respond to Haz-Mat Incidents during his normal sleeping hours.

13.     Mr. Coberly was regularly required to respond to Haz-Mat Incidents on weekends and holidays, and during vacations and sick time.

14.     Swift has not paid Mr. Coberly for any work performed outside of his normal work hours at corporate headquarters.

15.     Beginning on or about July 18, 2010, Swift began paying Mr. Coberly on an hourly basis. His initial hourly wage rate was $18.91. On or about May 8, 2011, his hourly wage rate increased to $19.48. On or about April 8, 2012, his hourly wage rate increased to $20.06.

16.   Mr. Coberly periodically received a bonus when Swift met certain earnings goals. For example, in February 2012, Mr. Coberly received a bonus of $405.00.

17.   Mr. Coberly does not receive a salary, commissions, or any other form of compensation in addition to his hourly wage and periodic bonuses.

18.   Mr. Coberly did not supervise other employees. For example, he made no decisions or recommendations regarding disciplining other employees.

19.   Mr. Coberly did not hire or fire other employees, and made no recommendations regarding hiring or firing other employees.

20.   Mr. Coberly made no decisions regarding work schedules for other employees.

## COUNT ONE

### (Fair Labor Standards Act Overtime Claim)

21.   Mr. Coberly incorporates by reference the allegations above.

22.   Mr. Coberly was a covered "employee" and Swift was Mr. Coberly's "employer" as those terms are defined by the FLSA.

23.   Swift is a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA, 29 U.S.C. §§ 201-219.

24.     Swift's annual gross volume of sales or business done was not less than $500,000.00 in the four calendar quarters preceding the filing of this complaint.

25.     Mr. Coberly is a covered individual "engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

26.     Mr. Coberly is a nonexempt employee under the FLSA.

27.     Swift is aware or should have been aware that federal law required it to pay overtime to Mr. Coberly for all time worked in excess of 40 hours per week.

28.     Swift did not make a good-faith effort to ascertain and comply with its obligations under the FLSA.

29.     Swift's violation of the FLSA was willful.

30.     Mr. Coberly has suffered economic damages as a result of Swift's unlawful compensation practice and is entitled to statutory remedies provided pursuant to the FLSA, including unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

## COUNT TWO

### (Arizona Wage Claim)

31.     Mr. Coberly incorporates by reference the allegations above.

32.     Swifts failure to pay Mr. Coberly for all regular and overtime wages earned constitutes a violation of A.R.S. § 23-352, entitling him to an award of treble damages pursuant to A.R.S. § 23-355.

33.     Swift was not legally entitled to withhold any wages that Mr. Coberly earned for the actual hours he worked.

34.     Swift was never legally entitled to any exemption to the obligation to timely pay Mr. Coberly all wages owed.

## REQUESTED RELIEF

## COUNT ONE

A.     For the Court to find that the Swift willfully violated the overtime provisions of the FLSA;

B.     For the Court to find that a three-year limitations period is appropriate because Swift willfully violated the FLSA;

B.     For an award of damages of unpaid overtime, plus an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

C.     For an award of Mr. Coberly's reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

D.     For an award of pre and post judgment interest on all compensation due.

## COUNT TWO

A.     For the Court to find that Swift violated Arizona law by failing to pay all regular and overtime wages owed to Mr. Coberly;

B.     For an award of damages including the wages owed, interest thereon, and an additional amount equal to twice the unpaid wages, pursuant to A.R.S. § 23-355;

C.     For an award of attorneys' fees and costs; and

D.     For an award of pre and post judgment interest.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial to the extent authorized by law.

Dated this 15th day of August, 2012

Matheson & Matheson, PLC

By: _____
     Darrel S. Jackson #018415

1  Michelle R. Matheson (AZ#019568)
   Darrel S. Jackson (AZ#018415)
2  Matthew E. Walls (AZ#026523)
   MATHESON & MATHESON, P.L.C.
3  15300 North 90th Street
   Suite 550
4  Scottsdale, Arizona 85260
   (480) 889-8951
5  mmatheson@mathesonlegal.com
   djackson@mathesonlegal.com
6  mwalls@mathesonlegal.com

7  Attorneys for Plaintiff

8
                    SUPERIOR COURT OF ARIZONA
9
                         MARICOPA COUNTY
10

11  Dan L. Coberly, a married man,        )   Case No.:
                                          )
12            Plaintiff,                   )
                                          )
13  v.                                     )   **SUMMONS**
                                          )
14  Swift Transportation of Arizona, L.L.C., a )
    Delaware limited liability company,   )
15                                         )
                                          )
16            Defendant.                    )
                                          )
17  _____

18  **THE STATE OF ARIZONA TO THE DEFENDANT:**

19            **Swift Transportation of Arizona, L.L.C.**
              **C/O National Registered Agents, LLC**
20            **300 W. Clarendon Ave, #230**
              **Phoenix, AZ 85013**
21
              **YOU ARE HEREBY SUMMONED** and required to appear and defend, within
22  the time applicable, in this action in this Court.  If served within Arizona, you shall
    appear and defend within 20 days after the service of the Summons and Complaint upon
23  you, exclusive of the day of service.  If served out of the State of Arizona – whether by
    direct service, by registered or certified mail, or by publication – you shall appear and
24  defend within 30 days after the service of the Summons and Complaint upon you is
    complete, exclusive of the day of service.  Where process is served upon the Arizona
25

                                  -1-

Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until the expiration of 40 days after date of such service upon the Director.  Served by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court.  Service by publication is complete 30 days after the date of first publication.  Direct service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.  **RCP 4; A.R.S. §§ 20-222, 28-502, 28-503.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney.  **RCP 10(d); A.R.S. § 12-311; RCP 5.**

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST THREE (3) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.  **Maricopa County Local Rule 2.6, effective October 1, 1994.**

The name and address of Plaintiffs' attorney is:

**Darrel S. Jackson**
**Matheson & Matheson, P.L.C.**
**15300 North 90th Street, Suite 550**
**Scottsdale, Arizona 85260**
**(480) 889-8951**

GIVEN UNDER MY HAND this date:_____

Clerk of the Superior Court

By _____

Deputy Clerk

-2-

MICHAEL K. JEANES, CLERK
BY
FILED

**12 AUG 15 PM 3: 43**

Michelle R. Matheson (019568)
Darrel S. Jackson (018415)
Matthew E. Walls (026523)
MATHESON & MATHESON, P.L.C.
15300 N. 90th Street, #550
Scottsdale, AZ 85260
mmatheson@mathesonlegal.com
djackson@mathesonlegal.com
mwalls@mathesonlegal.com

Attorney for Plaintiff

### SUPERIOR COURT OF ARIZONA

### MARICOPA COUNTY

| | |
|---|---|
| Dan L. Coberly, a married man, | No.:   CV 2012-055294 |
| Plaintiff, | |
| v. | **CERTIFICATE REGARDING COMPULSORY ARBITRATION** |
| Swift Transportation of Arizona, L.L.C., a Delaware limited liability company, | |
| Defendant. | |

The undersigned certifies that they know the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this case is not within the jurisdictional limit for compulsory arbitration and is subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

Dated this 15th day of August, 2012.

Matheson & Matheson, PLC

By: _____
Darrel S. Jackson #018415

-1-

ORIGINAL and COPY of the foregoing
hand delivered the same day as the
Complaint and Summons, to:

By: *Christina Garrett*

**Exhibit 3**

1   John F. Lomax, Jr. (020224)
    Michelle L. Keogh (026288)
2   SNELL & WILMER L.L.P.
    One Arizona Center
3   400 East Van Buren
    Phoenix, Arizona 85004-2202
4   Telephone: (602) 382-6000
    Facsimile:  (602) 382-6070
5   jlomax@swlaw.com
    mkeogh@swlaw.com
6   Attorneys for Defendant

7

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                 IN AND FOR THE COUNTY OF MARICOPA

10

11  DAN L. COBERLY, a married man,          No. CV2012-055294

12                    Plaintiff,

13  v.                                      **NOTICE OF REMOVAL**
                                            **TO FEDERAL COURT**
14  SWIFT TRANSPORTATION OF
    ARIZONA, L.L.C., a Delaware
15  limited liability company,

16                    Defendant.

17

18  **TO THE CLERK OF THE MARICOPA COUNTY SUPERIOR COURT AND**
    **PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

19

20          PLEASE TAKE NOTICE that on December 4th, 2012, a Notice of Removal of

21  Action to remove this action from this Court to the United States District Court for the

22  District of Arizona, Phoenix Division, was filed with the Clerk of that Court by

23  Defendant Swift Transportation Co. of Arizona, L.L.C.  A true copy of the Notice of

24  Removal of Action is attached as Exhibit 1.

25          In accordance with 28 U.S.C. § 1446(d), this Court shall proceed no further with

26  this action.

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    DATED this 4th day of December, 2012.

2                                    SNELL & WILMER L.L.P.

3

4                       By    s/Michelle L. Keogh
                                   John F. Lomax, Jr. (020224)
5                                  Michelle L. Keogh (026288)
                                   One Arizona Center
6                                  400 East Van Buren
                                   Phoenix, Arizona 85004-2202
7                                  Attorneys for Defendant

8

9    E-FILED this 4th day of December, 2012.

10

11   COPY of the foregoing mailed this
     4th day of December, 2012, to:
12
     Michelle R. Matheson
13   Darrel S. Jackson
     Matthew E. Walls
14   MATHESON & MATHESON, P.L.C.
     15300 North 90th St., Ste. 550
15   Scottsdale, Arizona 85260

16

17   s/ Jeannie Fisher
     16216494

18

19

20

21

22

23

24

25

26

27

28

- 2 -