IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dan L. Coberly, a married man,, <br><br> Plaintiff, <br><br> v. <br><br> Swift Transportation of Arizona, LLC, a Delaware limited liability company,, <br><br> Defendant. | No. CV-12-02584-PHX-GMS <br><br> **ORDER** |

Pending before the Court is the parties' Joint Motion to Approve Post-Judgment Settlement Agreement. The Court grants the parties' joint motion.

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the parties request that this Court to enter an Order that specifically approves the parties' Settlement Agreement.

In *Lynn's*, the Eleventh Circuit held:
> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by Employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Lynn's*, 679 F.2d at 1352-53 (footnotes omitted).

Normally, the Court does not rule on a private settlement negotiated between parties. However, because Defendant seeks a full release, including a release of FLSA claims, the parties must seek approval of their stipulated settlement in order to ensure the enforceability of the Settlement Agreement. *Id.*; *Fontes v. Drywood Plus, Inc.,* No. CV–13–1901–PHX–LOA, 2013 WL 6228652 (D. Ariz. Dec. 2, 2013) (approving FLSA settlement agreement pursuant to *Lynn's Food Stores*); *In re Sepracor, Inc. FLSA Litigation*, No. CV–09–1409–PHX–DGC, 2009 WL 3253947 (D. Ariz. Oct. 8, 2009) (same); *Hand v. Dionex Corp.*, No. CV 06–1318–PHX–JAT, 2007 WL 3383601 (D. Ariz. Nov. 13, 2007) (same). *See also Dent v. Cox Commc'ns Las Vegas, Inc.,* 502 F.3d 1141, 1144 (9th Cir. 2007) (quoting *Lynn's Food Stores* with approval). The Court may approve the settlement if it reflects a "reasonable compromise over issues." *Lynn's Food Stores*, 679 F.2d at 1354.

The Court has reviewed the proposed Settlement Agreement and finds that it does in fact reflect a fair and reasonable resolution of the issues. Although the Court entered judgment in favor of Defendant after a three-day jury trial (Doc. 58), Plaintiff could have appealed or otherwise contested the judgment; in turn, Defendant could collect its taxable costs (Doc. 59) against Mr. Coberly—neither action is desired by the parties.

Accordingly,

**IT IS ORDERED** that the parties' Joint Motion to Approve Post-Judgment Settlement Agreement (Doc. 61) is granted. The Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute over wages owed pursuant to the Fair Labor Standards Act and therefore approves the settlement.

/ / /
/ / /
/ / /
/ / /
/ / /

1 **IT IS FINALLY ORDERED** that the Court will retain jurisdiction over the
2 parties to enforce the Settlement Agreement and that the Judgment entered at Doc. 58 and
3 the Order taxing costs, Doc. 60, are not otherwise affected by this Order.
4 Dated this 1st day of July, 2014.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge